B1 (Official Form 1)(04/13)

| United States Bankruptcy Court<br>Northern District of Illinois | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Dawoudi, Muhammed H | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all)<br>xxx-xx-7283 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |

| Street Address of Debtor (No. and Street, City, and State):<br>2622 W 64TH ST TALMAN<br>APT 2622W<br>Chicago, IL      ZIP Code 60629 | Street Address of Joint Debtor (No. and Street, City, and State):      ZIP Code |
|---|---|
| County of Residence or of the Principal Place of Business:<br>Cook | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):      ZIP Code | Mailing Address of Joint Debtor (if different from street address):      ZIP Code |

Location of Principal Assets of Business Debtor
(if different from street address above):

**Type of Debtor**
(Form of Organization) (Check one box)
- ■ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- ☐ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box)
- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☐ Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)
- ☐ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ■ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Chapter 15 Debtors**
Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Tax-Exempt Entity**
(Check box, if applicable)
- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts**
(Check one box)
- ■ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☐ Debts are primarily business debts.

**Filing Fee** (Check one box)
- ■ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*

Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**
- ■ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

Estimated Assets

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

B1 (Official Form 1)(04/13)                                                                    Page 2

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | Dawoudi, Muhammed H |

### All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet)

| Location Where Filed:  - None - | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor: - None - | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | **X** /s/ Marcie Venturini                    May 29, 2015 <br> Signature of Attorney for Debtor(s)              (Date) <br> Marcie Venturini 6203500 |

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

  ☐ Yes, and Exhibit C is attached and made a part of this petition.

  ■ No.

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

  ■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

  ☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box)

  ■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

  ☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

  ☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes)

  ☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

     _____
     (Name of landlord that obtained judgment)

     _____
     (Address of landlord)

  ☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

  ☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

  ☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(04/13)                                                                                                Page 3

# Voluntary Petition

*(This page must be completed and filed in every case)*

| Name of Debtor(s): |
| Dawoudi, Muhammed H |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  /s/ Muhammed H Dawoudi
Signature of Debtor  Muhammed H Dawoudi

X
Signature of Joint Debtor

Telephone Number (If not represented by attorney)

May 29, 2015
Date

### Signature of Attorney*

X  /s/ Marcie Venturini
Signature of Attorney for Debtor(s)

Marcie Venturini 6203500
Printed Name of Attorney for Debtor(s)

Robert J. Semrad & Associates, LLC
Firm Name
20 S. Clark Street
28th Floor
Chicago, IL 60603

Address

Email: rsemrad@robertjsemrad.com
(312) 913 0625  Fax: (312) 913 0631
Telephone Number

May 29, 2015
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X
Signature of Authorized Individual

Printed Name of Authorized Individual

Title of Authorized Individual

Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X
Signature of Foreign Representative

Printed Name of Foreign Representative

Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

Printed Name and title, if any, of Bankruptcy Petition Preparer

Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

Address

X
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
### Northern District of Illinois

In re    Muhammed H Dawoudi                       Case No. _____

                             Debtor(s)      Chapter    13

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:  ___/s/ Muhammed H Dawoudi_____
                                    Muhammed H Dawoudi

Date:  ___May 29, 2015_____

B6 Summary (Official Form 6 - Summary) (12/14)

.

# United States Bankruptcy Court
## Northern District of Illinois

In re    Muhammed H Dawoudi                                                      ,    Case No. _____

                                                        Debtor

                                                                      Chapter _____13_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 0.00 | | |
| B - Personal Property | Yes | 3 | 3,127.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 4,533.00 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 2 | | 36,529.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 2 | | | 1,483.88 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | 1,238.00 |
| Total Number of Sheets of ALL Schedules | | 15 | | | |
| | | Total Assets | 3,127.00 | | |
| | | | Total Liabilities | 41,062.00 | |

B 6 Summary (Official Form 6 - Summary) (12/14)

.

# United States Bankruptcy Court

## Northern District of Illinois

In re    Muhammed H Dawoudi                            ,    Case No. _____

                                              Debtor

Chapter _____ 13 _____

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐   Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Student Loan Obligations (from Schedule F) | 19,632.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 19,632.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 12) | 1,483.88 |
| Average Expenses (from Schedule J, Line 22) | 1,238.00 |
| Current Monthly Income (from Form 22A-1 Line 11; OR, Form 22B Line 14; OR, Form 22C-1 Line 14 ) | 1,696.29 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 2,333.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 0.00 |
| 4. Total from Schedule F | | 36,529.00 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 38,862.00 |

B6A (Official Form 6A) (12/07)

In re   Muhammed H Dawoudi                                              ,   Case No. _____
                                    Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| None | | | | |

| | | Sub-Total > | 0.00 | (Total of this page) |
|---|---|---|---|---|
| | | Total > | 0.00 | |

__0__ continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                              Best Case Bankruptcy

B6B (Official Form 6B) (12/07)

.

In re    Muhammed H Dawoudi                                    ,    Case No. _____
                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.  Cash on hand | X | | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Metabank prepaid debit acct | - | 177.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | | Furniture | - | 350.00 |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | | Clothes | - | 400.00 |
| 7.  Furs and jewelry. | X | | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

Sub-Total >          927.00
(Total of this page)

__2__ continuation sheets attached to the Schedule of Personal Property

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re    Muhammed H Dawoudi                                              ,      Case No. _____
                                         Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

Sub-Total >                    0.00
(Total of this page)

Sheet   1   of   2   continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    Muhammed H Dawoudi                                           ,     Case No. _____
                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2003 Dodge Durango SXT 4WD; 137,000 miles | - | 2,200.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

Sub-Total >          2,200.00
(Total of this page)
Total >          3,127.00

Sheet __2__ of __2__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

B6C (Official Form 6C) (4/13)

In re    Muhammed H Dawoudi                                    ,    Case No. _____
                                    Debtor

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                          $155,675. *(Amount subject to adjustment on 4/1/16, and every three years thereafter*
☐ 11 U.S.C. §522(b)(2)                                                   *with respect to cases commenced on or after the date of adjustment.)*
■ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| Metabank prepaid debit acct | 735 ILCS 5/12-1001(b) | 177.00 | 177.00 |
| **Household Goods and Furnishings** | | | |
| Furniture | 735 ILCS 5/12-1001(b) | 350.00 | 350.00 |
| **Wearing Apparel** | | | |
| Clothes | 735 ILCS 5/12-1001(a) | 400.00 | 400.00 |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| 2003 Dodge Durango SXT 4WD; 137,000 miles | 735 ILCS 5/12-1001(c) | 2,400.00 | 2,200.00 |

| | Total: | 3,327.00 | 3,127.00 |
|---|---|---|---|

_0_   continuation sheets attached to Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

B6D (Official Form 6D) (12/07)

In re    Muhammed H Dawoudi                                                    , Case No. _____
                                                                        Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | | |
| Account No. xxxx7364 | | | | Opened 12/01/14  Last Active  4/17/15 | | | | | |
| Turner Acceptance Crp 5900 W Howard St Skokie, IL 60077 | X | - | | 2003 Dodge Durango SXT 4WD; 137,000 miles | | | | | |
| | | | | Value $               2,200.00 | | | | 4,533.00 | 2,333.00 |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| | | | | Value $ | | | | | |
| __0__ continuation sheets attached | | | | Subtotal (Total of this page) | | | | 4,533.00 | 2,333.00 |
| | | | | Total (Report on Summary of Schedules) | | | | 4,533.00 | 2,333.00 |

B6E (Official Form 6E) (4/13)

.

In re    Muhammed H Dawoudi                                              ,   Case No. _____
                                                      Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_____0_____ continuation sheets attached

B6F (Official Form 6F) (12/07)

In re     Muhammed H Dawoudi                                                    ,     Case No. _____
                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. xxxxxx2072<br><br>Afni, Inc.<br>Po Box 3097<br>Bloomington, IL 61702 | - | | Opened 11/01/14<br>Collection Attorney At T Mobility | | | | 550.00 |
| Account No. xxxxxxxxxxxxxxxxxx0422<br><br>Dept Of Ed/navient<br>Po Box 9635<br>Wilkes Barre, PA 18773 | | | Opened  4/01/14  Last Active  4/30/15<br>Educational | | | | 10,395.00 |
| Account No. xxxxx1521<br><br>Overlnd Bond<br>4701 W. Fullerton Ave.<br>Chicago, IL 60639 | - | | Opened 11/30/13  Last Active  1/22/15<br>Automobile | | | | 12,095.00 |
| Account No. xxxxxxxxx5633<br><br>Peoples Gas<br>Attention: Bankruptcy Department<br>130 E. Randolph 17th Floor<br>Chicago, IL 60601 | - | | Opened  9/23/11  Last Active 10/01/14<br>Agriculture | | | | 2,152.00 |
|  __1__   continuation sheets attached | | | | | Subtotal<br>(Total of this page) | | 25,192.00 |

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                    S/N:35164-150508   Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re    Muhammed H Dawoudi                                  ,       Case No. _____
_____
Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br><br>Speedy Cash<br>8701 South Cottage Grove Ave<br>Chicago, IL 60619 | - | | Payday Loan | | | | 600.00 |
| Account No.<br><br>The Loan Machine<br>1315 East 87th<br>Chicago, IL 60619 | - | | Payday Loan | | | | 1,100.00 |
| Account No. xxxxxxxxxxxxx0020<br><br>U S Dept Of Ed/fisl/ch<br>Bankruptcy Unit<br>Po Box 65128<br>Saint Paul, MN 55165 | - | | Opened 11/13/07  Last Active  9/30/10<br>Educational | | | | 5,065.00 |
| Account No. xxxxxxxxxxxxx9010<br><br>U S Dept Of Ed/fisl/ch<br>Bankruptcy Unit<br>Po Box 65128<br>Saint Paul, MN 55165 | - | | Opened  9/24/07  Last Active  9/30/10<br>Educational | | | | 4,172.00 |
| Account No.<br><br>Uptown Cash<br>8641 S. Cottage Grove<br>Chicago, IL 60619 | - | | Pay Day Loan | | | | 400.00 |

Sheet no. _1_ of _1_ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)    11,337.00

Total
(Report on Summary of Schedules)    36,529.00

B6G (Official Form 6G) (12/07)

.

In re    Muhammed H Dawoudi                                          ,    Case No. _____

                                    Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| Steadman Realty<br>6247 South Pulaski<br>Chicago, IL 60629 | Month to Month |

0
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com

B6H (Official Form 6H) (12/07)

.

In re    Muhammed H Dawoudi                                              ,    Case No. _____
                                        Debtor

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐   Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| Cornesha L Flowers<br>2622 W 64th St<br>Chicago, IL 60629<br>    Debtor's girlfiend is the cosignor on his vehicle. | Turner Acceptance Crp<br>5900 W Howard St<br>Skokie, IL 60077 |

0
_____ continuation sheets attached to Schedule of Codebtors

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | Muhammed H Dawoudi |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS |
| Case number (If known) | |

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition chapter 13 income as of the following date:

_____
MM / DD/ YYYY

# Official Form B 6I
## Schedule I: Your Income                                    12/13

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:        Describe Employment**

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| **Employment status** | ■ Employed<br>☐ Not employed | ☐ Employed<br>☐ Not employed |
| **Occupation** | Auditor | |
| **Employer's name** | SCR Transportation | |
| **Employer's address** | 8801 S. Greenwood<br>Chicago, IL 60619 | |
| **How long employed there?** | 1.5 years | |

**Part 2:        Give Details About Monthly Income**

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions).  If not paid monthly, calculate what the monthly wage would be. | 2. | $ 1,606.80 | $ N/A |
| 3. | **Estimate and list monthly overtime pay.** | 3. | +$ 0.00 | +$ N/A |
| 4. | **Calculate gross income.**  Add line 2 + line 3. | 4. | $ 1,606.80 | $ N/A |

| Debtor 1 | Muhammed H Dawoudi | | Case number (if known) | |
|---|---|---|---|---|

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| | **Copy line 4 here** | 4. | $ 1,606.80 | $ N/A |

5. **List all payroll deductions:**

| | | | | |
|---|---|---|---|---|
| 5a. | **Tax, Medicare, and Social Security deductions** | 5a. | $ 122.92 | $ N/A |
| 5b. | **Mandatory contributions for retirement plans** | 5b. | $ 0.00 | $ N/A |
| 5c. | **Voluntary contributions for retirement plans** | 5c. | $ 0.00 | $ N/A |
| 5d. | **Required repayments of retirement fund loans** | 5d. | $ 0.00 | $ N/A |
| 5e. | **Insurance** | 5e. | $ 0.00 | $ N/A |
| 5f. | **Domestic support obligations** | 5f. | $ 0.00 | $ N/A |
| 5g. | **Union dues** | 5g. | $ 0.00 | $ N/A |
| 5h. | **Other deductions.** Specify: | 5h.+ | $ 0.00 + | $ N/A |

6. **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h.    6.    $ 122.92    $ N/A

7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4.    7.    $ 1,483.88    $ N/A

8. **List all other income regularly received:**

8a. **Net income from rental property and from operating a business, profession, or farm**
Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income.    8a.    $ 0.00    $ N/A

8b. **Interest and dividends**    8b.    $ 0.00    $ N/A

8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive**
Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement.    8c.    $ 0.00    $ N/A

8d. **Unemployment compensation**    8d.    $ 0.00    $ N/A

8e. **Social Security**    8e.    $ 0.00    $ N/A

8f. **Other government assistance that you regularly receive**
Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify:    8f.    $ 0.00    $ N/A

8g. **Pension or retirement income**    8g.    $ 0.00    $ N/A

8h. **Other monthly income.** Specify:    8h.+    $ 0.00 +    $ N/A

9. **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h.    9.    $ 0.00    $ N/A

10. **Calculate monthly income.** Add line 7 + line 9.    10.    $ 1,483.88    +    $ N/A    =    $ 1,483.88
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

11. **State all other regular contributions to the expenses that you list in Schedule J.**
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*
Specify:    11.    +$ 0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data,* if it applies    12.    $ 1,483.88

**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**

■ No.

☐ Yes. Explain: Debtor anticipates working 80 hours per bi-weekly pay period, with little to no overtime, at a rate of $9.27/hr. Debtor does not currently deduct for state or federal income tax, nor does he expect to at least through the start of his bankruptcy.

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | Muhammed H Dawoudi |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS |
| Case number (If known) | |

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

☐ A separate filing for Debtor 2 because Debtor 2 maintains a separate household

## Official Form B 6J
## Schedule J: Your Expenses                                        12/13

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Your Household

1.  **Is this a joint case?**

    ■ No. Go to line 2.

    ☐ Yes. **Does Debtor 2 live in a separate household?**

        ☐ No

        ☐ Yes. Debtor 2 must file a separate Schedule J.

2.  **Do you have dependents?**    ■ No

    Do not list Debtor 1 and Debtor 2.

    Do not state the dependents' names.

    ☐ Yes.    Fill out this information for each dependent..............

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |

3.  **Do your expenses include expenses of people other than yourself and your dependents?**    ■ No    ☐ Yes

### Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 6I.)

|  | Your expenses |
|---|---|

| | | | |
|---|---|---|---|
| 4. | The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot. | 4. $ | 600.00 |
| | **If not included in line 4:** | | |
| 4a. | Real estate taxes | 4a. $ | 0.00 |
| 4b. | Property, homeowner's, or renter's insurance | 4b. $ | 0.00 |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c. $ | 0.00 |
| 4d. | Homeowner's association or condominium dues | 4d. $ | 0.00 |
| 5. | **Additional mortgage payments for your residence,** such as home equity loans | 5. $ | 0.00 |

Debtor 1    Muhammed H Dawoudi _____    Case number (if known) _____

| | | | |
|---|---|---|---|
| **6.** | **Utilities:** | | |
| | 6a.   Electricity, heat, natural gas | 6a. $ | 98.00 |
| | 6b.   Water, sewer, garbage collection | 6b. $ | 0.00 |
| | 6c.   Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | 0.00 |
| | 6d.   Other. Specify:   Cable/Internet/Phone | 6d. $ | 150.00 |
| **7.** | **Food and housekeeping supplies** | 7. $ | 210.00 |
| **8.** | **Childcare and children's education costs** | 8. $ | 0.00 |
| **9.** | **Clothing, laundry, and dry cleaning** | 9. $ | 5.00 |
| **10.** | **Personal care products and services** | 10. $ | 5.00 |
| **11.** | **Medical and dental expenses** | 11. $ | 0.00 |
| **12.** | **Transportation.** Include gas, maintenance, bus or train fare. | | |
| | Do not include car payments. | 12. $ | 80.00 |
| **13.** | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. $ | 0.00 |
| **14.** | **Charitable contributions and religious donations** | 14. $ | 0.00 |
| **15.** | **Insurance.** | | |
| | Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| | 15a.   Life insurance | 15a. $ | 0.00 |
| | 15b.   Health insurance | 15b. $ | 0.00 |
| | 15c.   Vehicle insurance | 15c. $ | 90.00 |
| | 15d.   Other insurance. Specify: | 15d. $ | 0.00 |
| **16.** | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. | | |
| | Specify: | 16. $ | 0.00 |
| **17.** | **Installment or lease payments:** | | |
| | 17a.   Car payments for Vehicle 1 | 17a. $ | 0.00 |
| | 17b.   Car payments for Vehicle 2 | 17b. $ | 0.00 |
| | 17c.   Other. Specify: | 17c. $ | 0.00 |
| | 17d.   Other. Specify: | 17d. $ | 0.00 |
| **18.** | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5,** *Schedule I, Your Income* **(Official Form 6I).** | 18. $ | 0.00 |
| **19.** | **Other payments you make to support others who do not live with you.** | $ | 0.00 |
| | Specify: | 19. | |
| **20.** | **Other real property expenses not included in lines 4 or 5 of this form or on** *Schedule I: Your Income.* | | |
| | 20a.   Mortgages on other property | 20a. $ | 0.00 |
| | 20b.   Real estate taxes | 20b. $ | 0.00 |
| | 20c.   Property, homeowner's, or renter's insurance | 20c. $ | 0.00 |
| | 20d.   Maintenance, repair, and upkeep expenses | 20d. $ | 0.00 |
| | 20e.   Homeowner's association or condominium dues | 20e. $ | 0.00 |
| **21.** | **Other:** Specify: | 21. +$ | 0.00 |
| **22.** | **Your monthly expenses.** Add lines 4 through 21. | 22. $ | 1,238.00 |
| | The result is your monthly expenses. | | |
| **23.** | **Calculate your monthly net income.** | | |
| | 23a.   Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. $ | 1,483.88 |
| | 23b.   Copy your monthly expenses from line 22 above. | 23b. -$ | 1,238.00 |
| | 23c.   Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | 23c. $ | 245.88 |

**24.**   **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

■ No.
☐ Yes.
Explain: _____

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## Northern District of Illinois

In re    Muhammed H Dawoudi                          Case No. _____
                              Debtor(s)          Chapter    13

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

        I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____17_____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date    May 29, 2015                          Signature    /s/ Muhammed H Dawoudi _____
                                                       Muhammed H Dawoudi
                                                       Debtor

*Penalty for making a false statement or concealing property:*   Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§  152 and 3571.

B7 (Official Form 7) (04/13)

# United States Bankruptcy Court
### Northern District of Illinois

In re    Muhammed H Dawoudi                    Case No. _____

                          Debtor(s)          Chapter    13

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

### 1. Income from employment or operation of business

None ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $9,000.00 | 2015 YTD: Estimated Employment Income |
| $24,000.00 | 2014: Estimated Employment Income |
| $12,000.00 | 2013: Estimated Employment Income |

---

### 2. Income other than from employment or operation of business

None ☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $2,000.00 | 2013: Estimated LINK Stamps |

B7 (Official Form 7) (04/13)
2

---

### 3. Payments to creditors

**None** ■

***Complete a. or b., as appropriate, and c.***

a.  *Individual or joint debtor(s) with primarily consumer debts:*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**None** ■

b.  *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

**None** ■

c.  *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

---

### 4. Suits and administrative proceedings, executions, garnishments and attachments

**None** ■

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

**None** ■

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

*Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

B7 (Official Form 7) (04/13)

3

**5. Repossessions, foreclosures and returns**

None ☐

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Overlnd Bond<br>4701 W. Fullerton Ave.<br>Chicago, IL 60639 | November, 2014 | Voluntary Automobile Repo<br><br>2006 Buick LaCrosse; 85,000 miles // approx. $5,000 |

**6. Assignments and receiverships**

None ■

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ■

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7. Gifts**

None ■

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8. Losses**

None ■

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9. Payments related to debt counseling or bankruptcy**

None ☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

B7 (Official Form 7) (04/13)
4

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Robert J. Semrad & Associates, LLC<br>20 S. Clark Street<br>28th Floor<br>Chicago, IL 60603 | 5/29/2015 | $200.00 |

### 10. Other transfers

None ■   a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None ■   b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

### 11. Closed financial accounts

None ■   List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

### 12. Safe deposit boxes

None ■   List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

### 13. Setoffs

None ■   List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

### 14. Property held for another person

None ■   List all property owned by another person that the debtor holds or controls.

B7 (Official Form 7) (04/13)
5

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15. Prior address of debtor**

None ☐

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| 7945 S State St<br>Chicago IL 60619 | Muhammed H Dawoudi | 2010-2014 |

**16. Spouses and Former Spouses**

None ■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

B7 (Official Form 7) (04/13)
6

**18 . Nature, location and name of business**

None
■

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|

None
■

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|------|---------|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None
■

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|------|------|

None
■

b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|------|------|------|

None
■

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|------|------|

None
■

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|------|------|

B7 (Official Form 7) (04/13)

7

### 20. Inventories

None ■    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|

None ■    b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

### 21 . Current Partners, Officers, Directors and Shareholders

None ■    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None ■    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

### 22 . Former partners, officers, directors and shareholders

None ■    a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None ■    b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

### 23 . Withdrawals from a partnership or distributions by a corporation

None ■    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 24. Tax Consolidation Group.

None ■    If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

B7 (Official Form 7) (04/13)
8

**25. Pension Funds.**

None
■

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                    TAXPAYER IDENTIFICATION NUMBER (EIN)

\* \* \* \* \* \*

**DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR**

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date   May 29, 2015                     Signature   /s/ Muhammed H Dawoudi
                                                     Muhammed H Dawoudi
                                                     Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

# United States Bankruptcy Court
## Northern District of Illinois

In re    Muhammed H Dawoudi

Debtor(s)

Case No.

Chapter    13

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.    Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that
compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to
be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

|  |  |  |
|---|---|---|
| For legal services, I have agreed to accept | $ | 4,000.00 |
| Prior to the filing of this statement I have received | $ | 200.00 |
| Balance Due | $ | 3,800.00 |

2.    The source of the compensation paid to me was:

■ Debtor        ☐ Other (specify):

3.    The source of compensation to be paid to me is:

■ Debtor        ☐ Other (specify):

4.    ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A
copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.    In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

a.    Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
b.    Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
c.    Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
d.    [Other provisions as needed]

6.    By agreement with the debtor(s), the above-disclosed fee does not include the following service:

---

## CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in
this bankruptcy proceeding.

Dated:    May 29, 2015

/s/ Marcie Venturini
Marcie Venturini 6203500
Robert J. Semrad & Associates, LLC
20 S. Clark Street
28th Floor
Chicago, IL 60603
(312) 913 0625   Fax: (312) 913 0631
rsemrad@robertjsemrad.com

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

### RIGHTS AND RESPONSIBILITIES AGREEMENT BETWEEN
### CHAPTER 13 DEBTORS AND THEIR ATTORNEYS

#### (Court-Approved Retention Agreement, Revised as of 4/20/15)

Chapter 13 gives debtors important rights, such as the right to keep property that could otherwise be lost through repossession or foreclosure, but Chapter 13 also puts burdens on debtors, such as the burden of making complete and truthful disclosures of their financial situation.   It is important for debtors who file a Chapter 13 bankruptcy case to understand their rights and responsibilities in bankruptcy.  In this connection, the advice of an attorney is often crucial. Debtors are entitled to certain services from  their attorneys, but debtors also have responsibilities to their attorneys.  In order to assure that debtors and their attorneys understand their rights and responsibilities in the Chapter 13 process, the judges of the Bankruptcy Court for the Northern District of Illinois have approved this agreement, setting out the rights and responsibilities of both debtors in Chapter 13 and their attorneys, including how their attorneys will be paid for their services in the Chapter 13 case. By signing this agreement, debtors and their attorneys accept these responsibilities.

The Bankruptcy Code may require a debtor's attorney to provide the debtor with certain documents and agreements at the start of the representation.  The terms of this court-approved agreement take the place of any conflicting provision in an earlier agreement. This agreement cannot be modified in any way by other agreements. Any provision of another agreement between the debtors and the attorney that conflicts with this agreement is void.

### A.   BEFORE THE CASE IS FILED

THE DEBTOR AGREES TO:

1. Discuss with the attorney the debtor's objectives in filing the case.

2. Provide the attorney with full, accurate and timely information, financial and otherwise, including properly documented proof of income.

THE ATTORNEY AGREES TO:

1. Personally counsel the debtor regarding the advisability of filing either a Chapter 13 or a Chapter 7 case, discuss both procedures (as well as non-bankruptcy options) with the debtor, and answer the debtor's questions.

2. Personally explain to the debtor that the attorney is being engaged to represent the debtor on all matters arising in the case, as required by Local Bankruptcy Rule, and explain how and when the attorney's fees and the trustee's fees are determined and paid.

1



3.  Personally review with the debtor and sign the completed petition, plan, statements, and schedules, as well as all amendments thereto, whether filed with the petition or later. (The schedules may be initially prepared with the help of clerical or paralegal staff of the attorney's office, but personal attention of the attorney is required for the review and signing.)

4.  Timely prepare and file the debtor's petition, plan, statements, and schedules.

5.  Explain to the debtor how, when, and where to make all necessary payments, including both payments that must be made directly to creditors and payments that must be made to the Chapter 13 trustee, with particular attention to housing and vehicle payments.

6.  Advise the debtor of the need to maintain appropriate insurance.

## B.    AFTER THE CASE IS FILED

THE DEBTOR AGREES TO:

1.  Make the required payments to the trustee and to whatever creditors are being paid directly, or, if required payments cannot be made, to notify the attorney immediately.

2.  Appear punctually at the meeting of creditors (also called the "341 meeting") with recent proof of income and a picture identification card. (If the identification card does not include the debtor's social security number, the debtor must also bring to the meeting a social security card.) The debtor must be present in time for check-in and when the case is called for the actual examination.

3.  Notify the attorney of any change in the debtor's address or telephone number.

4.  Inform the attorney of any wage garnishments or liens or levies on assets that occur or continue after the filing of the case.

5.  Contact the attorney immediately if the debtor loses employment, has a significant change in income, or experiences any other significant change in financial situation (such as serious illness, marriage, divorce or separation, lottery winnings, or an inheritance).

6.  Notify the attorney if the debtor is sued or wishes to file a lawsuit (including divorce.)

7.  Inform the attorney if any tax refunds to which the debtor is entitled are seized or not received when due from the IRS or Illinois Department of Revenue.

8.  Contact the attorney before buying, refinancing, or selling real property, and before entering into any loan agreement.

9.  Supply the attorney with copies of all tax returns filed while the case is pending.

THE ATTORNEY AGREES TO:

1.  Advise the debtor of the requirement to attend the meeting of creditors, and notify the debtor of the date, time, and place of the meeting.



2

2.  Inform the debtor that the debtor must be punctual and, in the case of a joint filing, that both spouses must appear at the same meeting.

3.  Provide knowledgeable legal representation for the debtor at the meeting of creditors (in time for check-in and the actual examination) and, unless excused by the trustee, for the confirmation hearing.

4.  If the attorney will be employing another attorney to attend the 341 meeting or any court hearing, personally explain to the debtor in advance, the role and identity of the other attorney and provide the other attorney with the file in sufficient time to review it and properly represent the debtor.

5.  Timely submit to the Chapter 13 trustee properly documented proof of income for the debtor, including business reports for self-employed debtors.

6.  Timely respond to objections to plan confirmation and, where necessary, prepare, file, and serve an amended plan.

7.  Timely prepare, file, and serve any necessary statements, amended statements, and schedules and any change of address, in accordance with information provided by the debtor.

8.  Monitor all incoming case information (including, but not limited to, Order Confirming Plan, Notice of Intent to Pay Claims, and 6-month status reports) for accuracy and completeness. Contact the trustee promptly regarding any discrepancies.

9.  Be available to respond to the debtor's questions throughout the term of the plan.

10.  Prepare, file, and serve timely modifications to the plan after confirmation, when necessary, including modifications to suspend, lower, or increase plan payments.

11.  Prepare, file, and serve necessary motions to buy or sell property and to incur debt.

12.  Object to improper or invalid claims.

13.  Timely respond to the Chapter 13 trustee's motions to dismiss the case, such as for payment default, or unfeasibility, and to motions to increase the percentage payment to unsecured creditors.

14.  Timely respond to motions for relief from stay.

15.  Prepare, file, and serve all appropriate motions to avoid liens.

16.  Provide any other legal services necessary for the administration of the case.

**C.    TERMINATION OR CONVERSION OF THE CASE AFTER ENTRY OF AN
ORDER APPROVING FEES AND EXPENSES**

1.   Approved fees and expenses paid under the provisions set out below are generally not
refundable in the event that the case is dismissed prior to its completion, unless the dismissal is
due to a failure by the attorney to comply with the duties set out in this agreement. If such a
dismissal is due to a failure by the attorney, the court may order a refund of fees on motion by
the debtor.

2.   If the case is dismissed after approval of the fees and expenses but before payment of all
allowed fees and expenses, the order entered by the Bankruptcy Court allowing the fees and
expenses is not a judgment against the debtor for the unpaid fees and expenses based on contract
law or otherwise.

3.   If the case is converted to a case under chapter 7 after approval of the fees and expenses
under this agreement but before the payment of all fees and expenses, the attorney will be
entitled to an administrative claim in the chapter 7 case for any unpaid fees and expenses,
pursuant to section 726(b) of the Bankruptcy Code, plus any conversion fee the attorney pays on
behalf of the debtor.

**D.    RETAINERS AND PREVIOUS PAYMENTS**

1. The attorney may receive a retainer or other payment before filing the case but may not
receive fees directly from the debtor after the filing of the case.  Unless the following provision
is checked and completed, any retainer received by the attorney will be treated as a security
retainer, to be placed in the attorney's client trust account until approval of a fee application by
the court.

☑    The attorney seeks to have the retainer received by the attorney treated as an advance
payment retainer, which allows the attorney to take the retainer into income immediately.
The attorney hereby provides the following further information and representations:

(a)    The special purpose for the advance payment retainer and why it is advantageous to the
debtor is as follows:

Client understands taht any funds that client is rendering to Robert J Semrad &
Associates, LLC as part of the advance payment retainer shall immediately become the
property of Robert J. Semrad & Associates, LLC in exchange for a commitment by
Robert J. Semrad, LLC to provide the legal services described above. Said funds will be
deposited into the main bank account owned by Robert J Semrad & Associates, LLC
and will be used for general expense of the firm. Client further understands that it is
ordinarily the client's option to deposit funds with an attorney that shall remain client's
property as security for future services. However, Robert J. Semrad & Associates, LLC
does not represent clients under such a security retainer because the preparation of a

4

bankruptcy cases requires many disparate tasks and functions for the attorney amd support staff; some of which require legal expertise while other may be only ministerial in nature. Client further understands that the benefit that client is receiving under the fee arrangement is the commitment of Robert J. Semrad & Associates, LLC to perform any and all work reasonably necessary to represent client's interest absent any extraordinary circumstance.

(b)    The retainer will not be held in a client trust account and will become property of the attorney upon payment and will be deposited into the attorney's general account;

(c)    The retainer is a flat fee for the services to be rendered during the chapter 13 case and will be applied for such services without the need for the attorney to keep detailed hourly time records for the specific services performed for the debtor;

(d)    Any portion of the retainer that is not earned or required for expenses will be refunded to the client; and

(e)    The attorney is unwilling to represent the debtor without receiving an advanced payment retainer because of the nature of the chapter 13 case, the fact that the great majority of services for such case are performed prior to its filing, and the risks associated with the representation of debtors in bankruptcy cases in general.

2.  In any application for compensation the attorney must disclose to the court any fees or other compensation paid by the debtor to the attorney for any reason within the one year before the case filing.

### E.    CONDUCT AND DISCHARGE

1. *Improper conduct by the attorney.* If the debtor disputes the sufficiency or quality of the legal services provided or the amount of the fees charged by the attorney, the debtor may file an objection with the court and request a hearing.

2. *Improper conduct by the debtor.* If the attorney believes that the debtor is not complying with the debtor's responsibilities under this agreement or is otherwise engaging in improper conduct, the attorney may apply for a court order allowing the attorney to withdraw from the case.

3.*Discharge of the attorney.* The debtor may discharge the attorney at any time.



### F.   ALLOWANCE AND PAYMENT OF ATTORNEYS' FEES AND EXPENSES

1. Any attorney retained to represent a debtor in a Chapter 13 case is responsible for representing the debtor on all matters arising in the case unless otherwise ordered by the court. For all of the services outlined above, the attorney will be paid a flat fee of   $ 4000.00

2. In addition, the debtor will pay the filing fee required in the case of  $ 310.00

3. Before signing this agreement, the attorney has received ,  $ 200.00

toward the flat fee, leaving a balance due of $ 3800.00      ; and $ 75.00        for expenses,

leaving a balance due for the filing fee of   $ 310.00

4. In extraordinary circumstances, such as extended evidentiary hearings or appeals, the attorney may apply to the court for additional compensation for these services. Any such application must be accompanied by an itemization of the services rendered, showing the date, the time expended, and the identity of the attorney performing the services. The debtor must be served with a copy of the application and notified of the right to appear in court to object.

Date: May 29, 2015

Signed:

_____
Debtor(s)                                          Attorney for the Debtor(s)

Do not sign this agreement if the amounts are blank.

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS

### RIGHTS AND RESPONSIBILITIES AGREEMENT BETWEEN
### CHAPTER 13 DEBTORS AND THEIR ATTORNEYS

**(Court-Approved Retention Agreement, Revised as of 4/20/2015)**

Chapter 13 gives debtors important rights, such as the right to keep property that could otherwise be lost through repossession or foreclosure, but Chapter 13 also puts burdens on debtors, such as the burden of making complete and truthful disclosures of their financial situation. It is important for debtors who file a Chapter 13 bankruptcy case to understand their rights and responsibilities in bankruptcy. In this connection, the advice of an attorney is often crucial. Debtors are entitled to certain services from their attorneys, but debtors also have responsibilities to their attorneys. In order to assure that debtors and their attorneys understand their rights and responsibilities in the Chapter 13 process, the judges of the Bankruptcy Court for the Northern District of Illinois have approved this agreement, setting out the rights and responsibilities of both debtors in Chapter 13 and their attorneys, including how their attorneys will be paid for their services in the Chapter 13 case. By signing this agreement, debtors and their attorneys accept these responsibilities.

The Bankruptcy Code may require a debtor's attorney to provide the debtor with certain documents and agreements at the start of the representation. The terms of this court-approved agreement take the place of any conflicting provision in an earlier agreement. This agreement cannot be modified in any way by other agreements. Any provision of another agreement between the debtors and the attorney that conflicts with this agreement is void.

**A.**     *BEFORE THE CASE IS FILED*

THE DEBTOR AGREES TO:

1. Discuss with the attorney the debtor's objectives in filing the case.

2. Provide the attorney with full, accurate and timely information, financial and otherwise, including properly documented proof of income.

THE ATTORNEY AGREES TO:

1. Personally counsel the debtor regarding the advisability of filing either a Chapter 13 or a Chapter 7 case, discuss both procedures (as well as non-bankruptcy options) with the debtor, and answer the debtor's questions.

2. Personally explain to the debtor that the attorney is being engaged to represent the debtor on all matters arising in the case, as required by Local Bankruptcy Rule, and explain how and when the attorney's fees and the trustee's fees are determined and paid.

3. Personally review with the debtor and sign the completed petition, plan, statements, and schedules, as well as all amendments thereto, whether filed with the petition or later. (The schedules may be initially prepared with the help of clerical or paralegal staff of the attorney's office, but personal attention of the attorney is required for the review and signing.)

4. Timely prepare and file the debtor's petition, plan, statements, and schedules.

5. Explain to the debtor how, when, and where to make all necessary payments, including both payments that must be made directly to creditors and payments that must be made to the Chapter 13 trustee, with particular attention to housing and vehicle payments.

6. Advise the debtor of the need to maintain appropriate insurance.

### B.                    AFTER THE CASE IS FILED

THE DEBTOR AGREES TO:

1. Make the required payments to the trustee and to whatever creditors are being paid directly, or, if required payments cannot be made, to notify the attorney immediately.

2. Appear punctually at the meeting of creditors (also called the "341 meeting") with recent proof of income and a picture identification card. (If the identification card does not include the debtor's social security number, the debtor must also bring to the meeting a social security card.) The debtor must be present in time for check-in and when the case is called for the actual examination.

3. Notify the attorney of any change in the debtor's address or telephone number.

4. Inform the attorney of any wage garnishments or liens or levies on assets that occur or continue after the filing of the case.

5. Contact the attorney immediately if the debtor loses employment, has a significant change in income, or experiences any other significant change in financial situation (such as serious illness, marriage, divorce or separation, lottery winnings, or an inheritance).

6. Notify the attorney if the debtor is sued or wishes to file a lawsuit (including divorce.)

7. Inform the attorney if any tax refunds to which the debtor is entitled are seized or not received when due from the IRS or Illinois Department of Revenue.

8. Contact the attorney before buying, refinancing, or selling real property, and before entering into any loan agreement.

9. Supply the attorney with copies of all tax returns filed while the case is pending.

THE ATTORNEY AGREES TO:

1. Advise the debtor of the requirement to attend the meeting of creditors, and notify the debtor of the date, time, and place of the meeting.

2. Inform the debtor that the debtor must be punctual and, in the case of a joint filing, that both spouses must appear at the same meeting.

3. Provide knowledgeable legal representation for the debtor at the meeting of creditors (in time for check-in and the actual examination) and, unless excused by the trustee, for the confirmation hearing.

4. If the attorney will be employing another attorney to attend the 341 meeting or any court hearing, personally explain to the debtor in advance, the role and identity of the other

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

attorney and provide the other attorney with the file in sufficient time to review it and properly represent the debtor.

5. Timely submit to the Chapter 13 trustee properly documented proof of income for the debtor, including business reports for self-employed debtors.

6. Timely respond to objections to plan confirmation and, where necessary, prepare, file, and serve an amended plan.

7. Timely prepare, file, and serve any necessary statements, amended statements, and schedules and any change of address, in accordance with information provided by the debtor.

8. Monitor all incoming case information (including, but not limited to, Order Confirming Plan, Notice of Intent to Pay Claims, and 6-month status reports) for accuracy and completeness. Contact the trustee promptly regarding any discrepancies.

9. Be available to respond to the debtor's questions throughout the term of the plan.

10. Prepare, file, and serve timely modifications to the plan after confirmation, when necessary, including modifications to suspend, lower, or increase plan payments.

11. Prepare, file, and serve necessary motions to buy or sell property and to incur debt.

12. Object to improper or invalid claims.

13. Timely respond to the Chapter 13 trustee's motions to dismiss the case, such as for payment default, or unfeasibility, and to motions to increase the percentage payment to unsecured creditors.

14. Timely respond to motions for relief from stay.

15. Prepare, file, and serve all appropriate motions to avoid liens.

16. Provide any other legal services necessary for the administration of the case.

## C.    TERMINATION OR CONVERSION OF THE CASE AFTER ENTRY OF AN ORDER APPROVING FEES AND EXPENSES

1. Approved fees and expenses paid under the provisions set out below are generally not refundable in the event that the case is dismissed prior to its completion, unless the dismissal is due to a failure by the attorney to comply with the duties set out in this agreement. If such a dismissal is due to a failure by the attorney, the court may order a refund of fees on motion by the debtor.

2. If the case is dismissed after approval of the fees and expenses but before payment of all allowed fees and expenses, the order entered by the Bankruptcy Court allowing the fees and expenses is not a judgment against the debtor for the unpaid fees and expenses based on contract law or otherwise.

3. If the case is converted to a case under chapter 7 after approval of the fees and expenses under this agreement but before the payment of all fees and expenses, the attorney will be entitled to an administrative claim in the chapter 7 case for any unpaid fees and expenses, pursuant to section

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

726(b) of the Bankruptcy Code, plus any conversion fee the attorney pays on behalf of the debtor.

## D. RETAINERS AND PREVIOUS PAYMENTS

1. The attorney may receive a retainer or other payment before filing the case but may not receive fees directly from the debtor after the filing of the case. Unless the following provision is checked and completed, any retainer received by the attorney will be treated as a security retainer, to be placed in the attorney's client trust account until approval of a fee application by the court.

■The attorney seeks to have the retainer received by the attorney treated as an advance payment retainer, which allows the attorney to take the retainer into income immediately. The attorney hereby provides the following further information and representations:

(a) The special purpose for the advance payment retainer and why it is advantageous to the debtor is as follows:

Client understands that any funds that client is tendering to Robert J. Semrad & Associates, LLC as part of this advance payment retainer shall immediately become the property of Robert J. Semrad & Associates, LLC in exchange for a commitment by Robert J. Semrad & Associates, LLC to provide the legal services described above.  Said funds will be deposited into the main bank account owned by Robert J. Semrad & Associates, LLC and will be used for general expenses of the firm.  Client further understands that it is ordinarily the client's option to deposit funds with an attorney that shall remain client's property as security for future services.  However, Robert J. Semrad & Associates, LLC does not represent clients under such a security retainer because the preparation of a bankruptcy case requires many disparate tasks and functions for the attorney and support staff; some of which require legal expertise while others may be only ministerial in nature.  Client further understands that the benefit that client is receiving under this fee arrangement is the commitment of Robert J. Semrad & Associates, LLC to perform any and all work reasonably necessary to represent client's interests absent any extraordinary circumstances.

(b) The retainer will not be held in a client trust account and will become property of the attorney upon payment and will be deposited into the attorney's general account;

(c) The retainer is a flat fee for the services to be rendered during the chapter 13 case and will be applied for such services without the need for the attorney to keep detailed hourly time records for the specific services performed for the debtor;

(d) Any portion of the retainer that is not earned or required for expenses will be refunded to the client; and

(e) The attorney is unwilling to represent the debtor without receiving an advanced payment retainer because of the nature of the chapter 13 case, the fact that the great majority of services for such case are performed prior to its filing, and the risks associated with the representation of debtors in bankruptcy cases in general.

2. In any application for compensation the attorney must disclose to the court any fees or other compensation paid by the debtor to the attorney for any reason within the one year before the case filing.

## E. CONDUCT AND DISCHARGE

4

1. *Improper conduct by the attorney*. If the debtor disputes the sufficiency or quality of the legal services provided or the amount of the fees charged by the attorney, the debtor may file an objection with the court and request a hearing.

2. *Improper conduct by the debtor*. If the attorney believes that the debtor is not complying with the debtor's responsibilities under this agreement or is otherwise engaging in improper conduct, the attorney may apply for a court order allowing the attorney to withdraw from the case.

3. *Discharge of the attorney*. The debtor may discharge the attorney at any time.

### F. ALLOWANCE AND PAYMENT OF ATTORNEYS' FEES AND EXPENSES

1. Any attorney retained to represent a debtor in a Chapter 13 case is responsible for representing the debtor on all matters arising in the case unless otherwise ordered by the court. For all of the services outlined above, the attorney will be paid a flat fee of $4,000.00

2. In addition, the debtor will pay the filing fee required in the case of $310.00

3. Before signing this agreement, the attorney has received , $200.00

toward the flat fee, leaving a balance due of $3,800.00; and $75.00 for expenses,

leaving a balance due for the filing fee of $0.00

4. In extraordinary circumstances, such as extended evidentiary hearings or appeals, the attorney may apply to the court for additional compensation for these services. Any such application must be accompanied by an itemization of the services rendered, showing the date, the time expended, and the identity of the attorney performing the services. The debtor must be served with a copy of the application and notified of the right to appear in court to object.

Date:    May 29, 2015

Signed:

/s/ Muhammed H Dawoudi
_____
Muhammed H Dawoudi

/s/ Marcie Venturini
_____
Marcie Venturini 6203500

Attorney for the Debtor(s)

_____

Debtor(s)

Do not sign this agreement if the amounts are blank.

**Local Bankruptcy Form 23c**

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

B 201A (Form 201A) (6/14)

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

## NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $75 administrative fee, $15 trustee surcharge: Total Fee $335)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $75 administrative fee: Total Fee $310)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments

over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1,167 filing fee, $550 administrative fee: Total Fee $1,717)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $75 administrative fee: Total Fee $275)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court. The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
### Northern District of Illinois

In re  Muhammed H Dawoudi                                    Case No.
_____    Chapter  13
                               Debtor(s)

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

| | |
|---|---|
| Muhammed H Dawoudi | X  /s/ Muhammed H Dawoudi          May 29, 2015 |
| Printed Name(s) of Debtor(s) | Signature of Debtor                Date |
| | |
| Case No. (if known) _____ | X _____ |
| | Signature of Joint Debtor (if any)       Date |

---

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

# United States Bankruptcy Court
## Northern District of Illinois

In re    Muhammed H Dawoudi        Case No.

                     Debtor(s)      Chapter    13

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors:            11

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:   May 29, 2015            /s/ Muhammed H Dawoudi

                                  Muhammed H Dawoudi
                                  Signature of Debtor

Afni, Inc
Po Box 3097
Bloomington, IL 61702

8601 S Cottage Grove Ave
Chicago, IL 60619

Cornesha L Flowers
2622 W 64th St
Chicago, IL 60629

Dept Of Ed/navient
Po Box 9635
Wilkes Barre, PA 18773

Overlnd Bond
4701 W. Fullerton Ave.
Chicago, IL 60639

Peoples Gas
Attention: Bankruptcy Department
130 E. Randolph 17th Floor
Chicago, IL 60601

Speedy Cash
8701 South Cottage Grove Ave
Chicago, IL 60619

The Loan Machine
1315 East 87th
Chicago, IL 60619

Turner Acceptance Crp
5900 W Howard St
Skokie, IL 60077

U S Dept Of Ed/fisl/ch
Bankruptcy Unit
Po Box 65128
Saint Paul, MN 55165

U S Dept Of Ed/fisl/ch
Bankruptcy Unit
Po Box 65128
Saint Paul, MN 55165